IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DEBAUCHE,

       Plaintiff,       OPINION AND ORDER

 v.

                      17-cv-524-wmc

MEREDITH MASHAK,
SALAMULLAH SYED,
KERHN and HUNTER,

       Defendants.

---

 *Pro se* plaintiff David DeBauche, a prisoner at Columbia Correctional Institution ("Columbia"), is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, against four current or former Columbia employees, on Eighth Amendment deliberate indifference and state law negligence claim, for their alleged failure to adequately provide him medical attention for his severe back pain. DeBauche has filed two motions asking that the court recruit counsel for him (dkt. ##76, 82), which the court is denying without prejudice at this stage in this lawsuit.

 As an initial matter, plaintiff requests that the court appoint him counsel, but this court does not "appoint" *pro bono* attorneys for litigants in plaintiff's circumstances, since the court lacks the authority to do so. Indeed, a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

Before a district court can consider such motions, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and that they were unsuccessful or that he was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, a plaintiff must submit letters from at least three lawyers who he asked to represent him in this case and who turned him down, or, if such letters do not exist, an affidavit with the names, addresses and dates when he requested their assistance. Plaintiff represents that he wrote letters to numerous attorneys, but none has responded, so he has satisfied this first requirement. However, plaintiff's filings do not suggest that the legal and factual difficulty of this case exceed his abilities, at least at this point.

Plaintiff represents that he needs an attorney to litigate this case because he lacks adequate access to legal resources and his own legal resources. More specifically, plaintiff represents that (1) on October 6, 2021, Sergeant Chang Xion searched his cell and confiscated and destroyed the court's previous order in this case as well as the Preliminary Pretrial Conference Order more recently issued by Magistrate Judge Crocker, and (2) Unit Manager Lindsy Walker has denied him access to the law library. Plaintiff further claims that the court improperly denied his motion for a preliminary injunction that would have prevented the destruction of his legal materials and property items. He states that no other inmates are available to assist him, and he is in such severe pain that he cannot sit, stand or use the stairs. Finally, plaintiff cites the complexity of this case.

Taking plaintiff's last ground for recruiting counsel first, it is too early in this case to determine the complexity of his claims against defendants. The court granted plaintiff

leave to proceed against defendants based on defendants Syed's and Mashak's failure to treat his back pain, and against defendants Kerhn and Hunter for withholding or tampering with his ice bags. (7/8/21 Order (dkt. #62) at 5-7.) The success of plaintiff's claims may very well turn on the material facts (in other words, a "he said/she said" question about whether care was provided), rather than more complicated questions related to the applicable standard of care. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence"). Moreover, nearly all *pro se* litigants are untrained in the law and face similar limitations, and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter,* 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene,* 615 F.3d 847, 853 (7th Cir. 2010) (same).

Furthermore, plaintiff has been able to adequately represent himself so far in this lawsuit. The court notes and takes seriously plaintiff's statements about the physical health challenges he faces, but unfortunately plaintiff's circumstances are typical of the numerous requests for counsel this court receives. Even more unfortunate is that this court simply lacks the resources to recruit counsel for every plaintiff who faces the challenge of litigating claims in federal court. As Judge Crocker explained during the preliminary pretrial conference, this court has the ability to recruit counsel for just a handful of *pro se* plaintiffs per year. As a result, it is *exceedingly* rare for the court to recruit counsel at any

3

stage prior to trial.  Given plaintiff's demonstrated ability to respond to the court's orders and advocate for himself, the court is not persuaded that recruitment of counsel is appropriate at this point in this lawsuit.

The court reaches this conclusion despite plaintiff's disagreement with the court's denial of his motion for a preliminary injunction.  Plaintiff insists that because the court did not rule on this motion for several months, Columbia officials were able to improperly confiscate his legal materials, adversely impacting his ability to litigate this case.  However, in that motion, plaintiff requested at least *eight* different unrelated types of relief.  (*See* dkt. ##40, 41.)  The court denied that motion, not only because his requests for relief went far beyond what would be appropriate relief in one lawsuit, but also because, at that point in time, plaintiff still had declined to narrow his claims in this lawsuit to comply with the requirements of Federal Rule of Civil Procedure 20.  While that denial was proper, since plaintiff since amended his complaint again and the court granted plaintiff leave to proceed, the court absolutely agrees that plaintiff needs access to the legal materials and resources necessary for him to engage in discovery and, eventually, prepare and respond to dispositive motions.  To that end, the court will direct the clerk of court to send plaintiff another copy of the Preliminary Pretrial conference Order (dkt. #73), and leave to proceed order (dkt. #62), both free of charge.  Should plaintiff have future similar problems with institution staff improperly confiscating his legal materials, plaintiff should file a motion with the court, with an accompanying declaration swearing under penalty of perjury exactly what materials were confiscated and why, so that the court can determine whether judicial intervention is necessary to ensure that plaintiff can litigate this case.  Recruitment of

counsel is not the solution. Accordingly, the court is denying this motion, but the denial will be without prejudice to plaintiff's ability to renew this motion at a later time in this lawsuit, provided that plaintiff describes in specific detail the necessary tasks he is unable to complete without the help of an attorney.

## ORDER

IT IS ORDERED that:

1) Plaintiff David D. DeBauche's motions for assistance in recruiting counsel (dkt. ##76, 82) are DENIED without prejudice.

2) The clerk of court is directed to send copies of dkt. ##62, 73 to plaintiff along with a copy of this order.

Entered this 10th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge