IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID DEBAUCHE,

                Plaintiff,              OPINION AND ORDER

v.

                                         17-cv-524-wmc

MEREDITH MASHAK,
SALAMULLAH SYED,
KERHN and HUNTER,

                Defendants.

*Pro se* plaintiff David DeBauche, a prisoner at Columbia Correctional Institution ("Columbia"), is suing four current or former Columbia employees on Eighth Amendment deliberate indifference and state law negligence claims, for their alleged failure to provide him with adequate medical attention for his severe back pain in 2016 and 2017. DeBauche has filed a motion to compel (dkt. 93), which I am denying for the reasons that follow.

DeBauche asks that I compel defendants to produce the following documents: all of his Health Service Unit (HSU), Psychological Service Unit (PSU), dental and optical files; all documents related to three inmate complaints he filed in 2020; copies of audio and video footage from January and February of 2020; training records from April 2020 through January 2021; Wisconsin Department of Corrections (DOC) policies regarding indigent envelopes, pens and paper; the DOC menus from October 2021; and DOC policies defining "publication" and relating to heat advisories. DeBauche states that he needs: his medical records because they have been destroyed by a Columbia officer; copies of inmate complaints he filed in 2020 and recordings from 2020 to show that Columbia staff are interfering with his ability to litigate this case; training records from 2020-2021

to show inadequate training and intentional harassment by officers; menus from October 2021 because those were confiscated by an officer; and certain DOC policies related to publications, heat advisories and thermal underwear and blankets to show that staff no longer are protecting him from excessive heat or cold.

In opposition, defendants correctly point out that DeBauche has failed to show that he attempted to resolve these disputes with defense counsel prior to filing this motion, and that in any event, their responses and objections to these requests were appropriate. Defendants are correct. Only DeBauche's first request for production seeks arguably relevant documents, and defendants responded appropriately. Specifically, they responded that they could not yet produce those materials because DeBauche had not signed an authorization permitting defendants to access his protected health information. Defendants added, however, that DeBauche can review his own files by submitting requests to the HSU or the PSU; further, defendants indicate a willingness to turn over DeBauche's medical records to him once defendants receive them.

Defendants objected to Requests 2-9 on relevance grounds because Requests 2-4 and 6 sought materials from 2020 and 2021; and Requests 5 and 7-9 requested copies of policies. Despite objecting to Requests 5 and 7-9, defendants provided DeBauche a copy of the DAI Policy Index, informing him that the unrestricted policies were available for his review. DeBauche has not filed a reply brief.

I see no reason to require defendants to supplement their responses. Their objections are well-taken because DeBauche is not proceeding on claims related to his conditions of confinement from 2020 to present. This case is about events that occurred

in 2016 and 2017. Furthermore, there is no basis to infer that Columbia officials are actually preventing DeBauche from litigating this case. Although DeBauche has received two extensions of time to respond to defendants' motion for summary judgment on exhaustion grounds, his submissions have been type-written, suggesting that he has adequate access to resources and materials to submit necessary filings in this case. If DeBauche believes that Columbia officials have been violating his rights in their handling of his property, then he will need to pursue a separate lawsuit bringing those claims. Finding defendants' responses to plaintiff's requests for production adequate, I am denying DeBauche's motion.

A final note: if there are any more discovery disputes in this case, then DeBauche must attempt to resolve them directly with defense counsel before he may file a motion to compel. This is the court's new policy, and it applies to all pending lawsuits. To show that he has met this requirement, DeBauche can submit copies of the actual communications between defense counsel and himself, or he can explain in a written declaration sworn under penalty of perjury the steps that he took to try to work out the dispute with defendants. If DeBauche fails to include the information about his efforts to resolve his dispute in any future motion to compel, then I will deny that motion without prejudice to his ability to renew it with the required information.

ORDER

IT IS ORDERED that plaintiff David D. DeBauche's motion to compel (dkt. 93) is DENIED.

Entered this 10th day of January, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge