IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DEBAUCHE,

                Plaintiff,          OPINION AND ORDER

v.

                                         17-cv-524-wmc

MEREDITH MASHAK,
SALAMULLAH SYED,
KERHN and HUNTER,

                Defendants.

---

*Pro se* plaintiff David DeBauche, a prisoner at Columbia Correctional Institution ("Columbia"), is proceeding in this lawsuit against four current or former Columbia employees under 42 U.S.C. § 1983, asserting Eighth Amendment deliberate indifference and state law negligence claims, for their alleged failures to provide adequate medical care for his severe back pain in 2016 and 2017. Defendants have filed a motion for summary judgment on the ground that DeBauche failed to exhaust his administrative remedies with respect to all of his claims in this lawsuit. (Dkt. #88.) Based on the undisputed evidence of record, the court agrees.[1] Accordingly, defendants are entitled to summary judgment, and DeBauche's claims in this lawsuit will be dismissed without prejudice.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As a result,

---

[1] In reaching this decision, the court has considered all of the parties' submissions, including DeBauche's more recently filed "motion to reconsider" (dkt. #116), which is essentially a sur-reply.

a prisoner must follow all of the prison's rules for completing the grievance process as to a claim before proceeding to federal court. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025; *see also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory to insure that prison administrators are afforded a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which means a *defendant* carries the burden of proof. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under the regulations in place in 2016, Wisconsin prisoners were required to start the complaint process by filing an inmate complaint with an institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). These regulations further provided that the complaint must "[c]ontain only one issue . . . and shall clearly identify the issue." *Id.* § 310.09(1)(e). Once filed, the ICE was required to assign a file number to the inmate complaint, along with a classification code and date. *Id.* § 310.11(2). The ICE was also required to "review and acknowledge each complaint in writing within 5 working days after the date of receipt

by the ICE." *Id.*

If the complaint was not rejected on procedural grounds, then the ICE made a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("CCE") within "10 calendar days." *Id.* §§ 310.12, 310.13. "Upon good cause, the CCE *may* accept for review an appeal filed later than 10 days after receipt of the decision." Wis. Admin. Code § DOC 310.13(2) (emphasis added). If deemed to have been appealed timely, then the CCE made a recommendation to the Secretary of the Department of Corrections, whose decision was final. *Id.* §§ 310.13, 310.14.

Here, the court granted DeBauche leave to proceed past initial screening with claims against Health Service Manager ("HSM") Mashak, Dr. Syed, Kerhn and Hunter on Eighth Amendment deliberate indifference and Wisconsin negligence claims. (Dkt. #62.) Although DeBauche's amended complaint did not provide more particular dates or details beyond alleging that certain events occurred in 2016 and 2017, the court allowed him to proceed on claims that: Mashak prevented him from obtaining an adequate mattress; and Dr. Syed failed to provide him with effective pain medication or address his back pain. The court also granted him leave to proceed against defendants Kerhn and Hunter for refusing to provide him medical ice bags four times daily, either providing it just once a day or tampering with the ice bags, although also without providing relevant dates or much detail.

Although DeBauche filed numerous inmate complaints between 2016 and 2017, defendants seek summary judgment because he never properly exhausted his administrative remedies with respect to the particular claims at issue in this case. As support, defendants offer DeBauche's lengthy Inmate Complaint History Report and the multiple inmate complaints that DeBauche references in his amended complaint. Specifically, defendants contend that a review of DeBauche's inmate complaints shows that while he filed 23 inmate complaints in 2016 and 2017, DeBauche did not complete the exhaustion process with respect to his claims in this lawsuit.

Starting with DeBauche's claims against Kerhn and Hunter about ice bags, defendants submit a declaration from Wisconsin Department of Corrections Complaint Examiner Program Assistant Matthew Greenwood, who attests that the *only* inmate complaint DeBauche filed related to a failure to provide ice was a July 2015 inmate complaint, CCI-2015-13748. (Greenwood Decl. (dkt. #89) ¶ 6.) In CCI-2015-13748, DeBauche alleged that an officer in the restrictive housing unit did not deliver ice to any inmates in that unit, even though it had been announced that they would receive ice every four hours due to a heat advisory. (Ex. 1001 (dkt. #82-2) 11.) The reviewing authority affirmed the complaint, noting that the unit's log showed a heat advisory had been announced but that ice had not been distributed until 4:00 p.m. Moreover, DeBauche has not directed the court to any other inmate complaint related to his claim that he was denied prescribed ice. Although DeBauche may have followed the applicable procedures in filing CCI-2015-13748, his allegations did not relate to any officers refusing to provide him medical ice as ordered, and thus, this inmate complaint would not have given prison

4

officials the chance to investigate DeBauche's particular concern that officers were tampering with his medical ice.  Therefore, defendants have proven that DeBauche failed to exhaust his administrative remedies with respect to his claims against Kerhn and Hunter.

With respect to his medical care claims, DeBauche references three inmate complaints in his amended complaint demonstrating exhaustion:  CCI-2015-18886, CCI-2015-23512 and CCI-2016-2557.  However, none of these inmate complaints served to exhaust his administrative remedies with respect to his claims against Dr. Syed and Mashak.  In CCI-2015-18886, dated October 7, 2015, DeBauche complained that he was offered a nurse appointment to address his complaints of back pain, sores on his scalp, hemorrhoids, acne, jock itch and allergies, as opposed to meeting with a doctor.  (Ex. 1006 (dkt. #89-7) 11.)  That inmate complaint was affirmed, because although a nurse told DeBauche he would meet with an advanced care provider, Dr. Syed did not actually meet with him for another two months.  Although unnecessary, DeBauche appealed the affirmance of that inmate complaint, adding that on November 2, 2015, Dr. Syed met with him about muscle loss, which required a follow up that had not yet occurred.  (*Id.* at 15.)

Yet the complaint in CCI-2015-18886 did not serve to exhaust DeBauche's claims against Mashak or Dr. Syed.  As an initial matter, DeBauche was not challenging:  (1) Mashak's involvement in preventing him from obtaining a special mattress; (2) Dr. Syed's treatment decisions with respect to his back pain; or (3) the quality of their involvement in his health care.  Instead, when DeBauche filed this inmate complaint, he was seeking to be *seen* for multiple health issues and expressed frustration with the delay he was

5

experiencing. These allegations do not even suggest that at the time he filed the complaint, defendants Mashak or Dr. Syed had even made the treatment decisions that formed the basis for his claims in this lawsuit.[2]

In fairness, the substance of DeBauche's allegations in CCI-2015-23512 and CCI-2016-2557 are at least arguably related to his medical care claims in this lawsuit, but DeBauche failed to appeal either, as required by the applicable regulations. In CCI-2015-23512, DeBauche alleged that on November 24, 2015, he had written to Dr. Syed to see when he would be seen about a muscle loss previously noted and complained that a nurse responded by advising DeBauche to exercise in his cell. (Ex. 1002 (dkt. #89-3) 11.) That complaint was dismissed on the merits, with the ICE finding that DeBauche's complaint had been properly triaged by the nurse. (*Id.* at 8.) Although DeBauche appealed, he dated the appeal February 2, 2016, which was not received by the CCE until March 16, 2016. (*Id.* at 16.) DeBauche acknowledged on the appeal form that his appeal was late, stating that he (1) only had one indigent letter for every two-week period of time, and (2) needed to use the envelope for the first two weeks of February for another matter. (*Id.*) Thus, the CCE recommended that the appeal be dismissed as untimely, finding the appeal was received beyond the 10-day timeframe under Wis. Admin. Code § DOC 310.13(1), and that no good cause justified accepting the late filing. (*Id.* at 9.) The appeal was then dismissed for that reason.

---

[2] Even to the extent DeBauche might claim that his statement in his appeal of the affirmed inmate complaint about Dr. Syed's concern about muscle loss relates to his back pain, the regulations do not permit prisoners to bring up new issues in their administrative appeals.

6

In CCI-2016-2557, DeBauche complained that Dr. Syed was refusing to order an MRI for his severe back pain, and except for prescribing ice did not otherwise treat his back pain. (Ex. 1003 (dkt. #89-4) 12.) On March 24, 2016, that complaint was dismissed on the merits generally because DeBauche's medical records showed that he was consistently being seen for his concerns, and specifically because his MRI had not actually been cancelled, just rescheduled. DeBauche again appealed, but although dated March 27, 2016, his appeal of form from dismissal was not received by the CCE until May 31, 2016. This time, DeBauche explained his tardiness by stating that (1) he did not have a stamped envelope and his indigent envelope was needed for a court matter, and (2) he had sent a complaint that had been destroyed by guards. (*Id.* at 16.) The CCE recommended dismissal of the appeal as untimely and unsupported by good cause, without elaboration. (*Id.* at 10.) His appeal was dismissed for that reason.

Thus, neither of these inmate complaints were properly exhausted against Mashak or Dr. Syed because he did not appeal the dismissal of either claim in accordance with the 10-day, administrative appeal deadline. *See Webb v. Bender*, 717 F. App'x 642, 644 (7th Cir. 2018) ("We must respect the prison's proper invocation of its procedural rules, including the time limits for filing a grievance."); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits."). Although DeBauche strongly contests his ability to appeal timely, he has not shown that he was actually *prevented* from filing his appeal of either inmate complaint on time or from raising the actual impediments he faced on the appeal form.

Moreover, DeBauche does not even specifically attest that he actually placed either appeal in the prison mail system within 10 days of receiving the reviewing authority's adverse decision as to either inmate complaint. Instead, DeBauche would challenge the CCE's findings that his delay was not supported by good cause. However, "Wisconsin's regulations give complaint examiners discretion to determine whether an untimely filing should be accepted for good cause." *Smith v. Martin*, No. 14-cv-429, 2016 WL 3830565, at *3 (W.D. Wis. July 12, 2016). Thus, "the place for making arguments about 'good cause' is to the institution, not here. Otherwise the state's limit could simply be ignored and an inmate could come straight to federal court." *Id.*; *see also Bowers v. Husz*, No. 08-C-197, 2009 WL 2605217, at *1 (E.D. Wis. Aug. 24, 2009) ("It is not for this Court to determine what kinds of complaints the state should allow to be filed tardy, or else the state's time limit could simply be ignored and an inmate could come straight to federal court.").

Finally, DeBauche has *not* shown that the CCEs abused their discretion in finding no good cause to excuse his delay with respect to either complaint. "Good cause" usually is "occasioned by something that is not within the control of the movant," *Pyles v. Nwaobasi*, 829 F.3d 860, 866 (7th Cir. 2016), but DeBauche's few statements on the two appeal forms do not suggest that he lacked the *ability* to timely appeal for a reason that was out of his control. Rather, in both appeals, DeBauche attributed his delay to a need to use an indigent envelope for other legal mailings. First, at minimum, DeBauche made a choice to forego at timely appeal in favor of something he deemed more important. Second, in his own explanation, DeBauche stated that he had access to one envelope every two weeks and

needed that envelope for one other legal matter. However, even assuming that representation to be true, and DeBauche had no other means to send his appeal on time, that still means that he would have had access to another indigent envelope within two weeks. Yet in each case, CCE received the appeal form *well beyond* that time frame.[3] Since DeBauche made no effort in his appeal to explain in detail these additional, unaccounted-for gaps of time, the CCE was well within its discretion to find no good cause to accept the late appeal.

In opposition, DeBauche does not even dispute *when* his appeals to CCI-2015-23512 and CCI-2016-2557 were received by the CCE. Instead, DeBauche complains that he did not receive adequate time to respond to *this* motion. That argument is not well-taken: the court granted DeBauche *three*, different extensions of time to respond to the motion. DeBauche also lists other instances from 2010 to present in which Columbia officials limited his access to legal materials or mishandled his inmate complaints. To the extent DeBauche actually intends to challenge his *ability* to timely appeal by raising vague claims that he could not access materials necessary to submit his appeals on time, that, too, is not well-taken. Finally, DeBauche claims that during the relevant period of time, prison officials did not permit prisoners to use legal loans to send inmate complaint

---

[3] In particular, as to CCI-2015-23512, DeBauche appears to say that he would not receive another envelope until the latter half of February (*see* Ex. 1002 (dkt. #89-3) 16), but the CCE did not receive his appeal until March 16, 2016, almost a *month* after DeBauche would have received a new envelope. Similarly, in appealing CCI-2016-2557, DeBauche dated it March 27, 2016, and said only that he needed his indigent envelope for court, without any dates or detail, but the CCE did not receive that appeal until May 31, 2016, over *two months* from when DeBauche dated it. Although DeBauche added in his CCI-2016-2557 appeal that a guard lost or destroyed his appeal, DeBauche provided the CCE no details about when he had actually attempted to send that destroyed appeal, or when he discovered that it had not been received by the CCE.

appeals, adding that evidence to prove this policy has since been confiscated and destroyed by Columbia staff. Yet evidence of such a policy is unnecessary, since DeBauche did not raise that concern with the CCE, and these overarching claims of malfeasance are not material to defendants' motion.

Rather, the crucial inquiry that DeBauche skirts with respect to CCI-2015-23512 and CCI-2016-2557 is whether the CCE's *finding* of a lack of good cause for his untimely appeals had some reasonable basis. On this record, since DeBauche's excuses for delays in his appeals of CCI-2015-23512 and CCI-2016-2557 were so thin, the court must defer to CCE's exercise of reasonable discretion, especially since DeBauche does not explain why he did not raise these other excuses in his appeal to the CCE, when it was incumbent upon him to explain his late-filed appeal of those two inmate complaints. Nor does DeBauche otherwise suggest that he had timely appealed CCI-2015-23512 or CCI-2016-2557 or direct the court to a different, fully exhausted, inmate complaint that addressed the claims upon which he would now proceed.

Accordingly, defendants have proven DeBauche's non-exhaustion as to his federal claims in this lawsuit, and those claims will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).[4] Since the court is dismissing all of DeBauche's federal claims in this lawsuit, it will also relinquish jurisdiction over plaintiff's supplemental state law claims, which will be dismissed without prejudice as well. *See* 28 U.S.C. § 1367(c);

---

[4] Of course, the court understands that this dismissal will likely *function* as one with prejudice, since it would almost certainly be too late for DeBauche to exhaust his claims in this lawsuit now. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

*Burritt v. Ditfelson*, 807 F.3d 239, 252 (7th Cir. 2015) (absent good grounds, district courts should relinquish supplemental jurisdiction over state law claims once federal claims are dismissed).

ORDER

IT IS ORDERED that:

1) Construing plaintiff David DeBauche's motion to reconsider (dkt. #116) as a motion to file a sur-reply, that motion is GRANTED.

2) Defendants' motion for summary judgment (dkt. #88) is GRANTED, and plaintiff David DeBauche's claims in this lawsuit are DISMISSED without prejudice.

3) The clerk of court is directed to enter final judgment in defendants' favor and close this case.

Entered this 27th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge