IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DEBAUCHE,

           Plaintiff,           OPINION AND ORDER

   v.
                                     17-cv-524-wmc

MEREDITH MASHAK,
SALAMULLAH SYED,
KERHN and HUNTER,

           Defendants.

---

The court granted *pro se* plaintiff David DeBauche, a prisoner at Columbia Correctional Institution ("Columbia") leave to proceed in this lawsuit against four current or former Columbia employees, on Eighth Amendment deliberate indifference and state law negligence claims, for their alleged failures to provide adequate medical care for his severe back pain in 2016 and 2017.  On April 28, 2022, the court granted defendants' motion for summary judgment on the ground that DeBauche failed to exhaust his administrative remedies with respect to all of his federal claims in this lawsuit, and the court relinquished supplemental jurisdiction over DeBauche's state law claims.  (Dkt. #117.)  DeBauche seeks reconsideration of that opinion and order (dkt. #122), which the court denies for the reasons that follow.

OPINION

Under Federal Rule of Civil Procedure 59(e), a court may reconsider a final judgment (1) based on newly discovered material evidence or intervening changes in the controlling law or (2) to correct its own manifest errors of law or fact to avoid unnecessary

appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). However, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Thus, Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing, two grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)). Similarly, the court may vacate a judgment under Rule 60(b), upon a showing of mistake, excusable neglect, newly discovered evidence or fraud, but such relief is extraordinary and granted in only "exceptional circumstances." *Harrington*, 433 F.3d at 546 (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

DeBauche maintains that the court erred in failing to credit his assertion that Columbia staff prevented him both from exhausting his claims in this lawsuit and in failing to gather evidence in opposition to defendants' motion in this case. As to his first claim, DeBauche faults the court's observation that DeBauche had filed 23 inmate complaints in 2016 and 2017. DeBauche maintains that this number is incorrect, since Inmate Complaint Examiner ("ICE") Mary Leiser *prevented* him from filing many additional complaints, having refused to accept 11 health-related inmate complaints that he brought to an administrative confinement hearing. DeBauche claims he did not have proof of his

attempt to file complaints about his back problems because his legal materials were confiscated from him, faulting this court for declining to grant his request for a preliminary injunction related to confiscated legal materials. This argument has no traction in this case, in which the court granted DeBauche multiple extensions of time to respond to defendants' motion and DeBauche could have filed a declaration in opposition to defendants' motion for summary judgment detailing his 2017 efforts to submit the inmate complaints to Leiser. Moreover, DeBauche does not provide any details about the contents of those complaints he tried to submit, much less whether those complaints would implicate the claims in this lawsuit. Nor does DeBauche explain why, rather than providing that evidence previously in this lawsuit, he argued in general terms that Leiser refused to accept his complaint without justification. (*See* Pl. Opp'n Br. (dkt. #109) 3.)

Even if DeBauche could be excused for failing to bring to the court's attention the 11 inmate complaints he attempted to file in 2017, his assertions are belied by the record of the complaints DeBauche *successfully* filed in 2016 and 2017. Defendants submitted DeBauche's inmate complaint history report, which does indeed show that DeBauche filed 23 inmate complaints during that two-year period. (*See* Ex. 1000 (dkt. #89-1) 3-4.) Although that report shows that DeBauche did not *complete* the exhaustion process for all 23 inmate complaints, there is no genuine dispute that DeBauche *did* successfully submit 23 inmate complaints during the relevant time period. Most importantly, although DeBauche continues to insist that Columbia officials stood in the way of his completing the exhaustion process for his claims in this lawsuit, he still does not provide sufficient detail about (1) the contents of the inmate complaints he tried to submit to Leiser, or (2)

3

whether he was actually following the applicable procedures in attempting to submit those 11 inmate complaints. Therefore, even if Leiser refused to accept those inmate complaints in 2017, DeBauche has not raised a genuine dispute of material fact with respect to whether he exhausted his claims *in this lawsuit*.

In any event, the number of complaints DeBauche *filed* was immaterial to the court's conclusion that DeBauche failed to timely appeal the two inmate complaints that DeBauche identified in his amended complaint as relating to his claims in this lawsuit. (4/28/22 Op. & Order (dkt. #117) 6-9.) DeBauche does not mention the court's analysis of those two inmate complaints in his motion, nor does he otherwise direct the court to a manifest error of law or fact in the court's conclusion that, although the allegations in the inmate complaint implicated his claims in this lawsuit, he did not complete each step of the exhaustion process. Seeing no manifest error of law or fact in the court's finding that defendants proved non-exhaustion, the court is denying DeBauche's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff David DeBauche's motion for reconsideration (dkt. #123) is DENIED.

Entered this 19th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge